UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiff,                               Hon. Paul L. Maloney

v.                                              Case No. 1:08-cv-00322

LINDA SUE MASON, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is an interpleader action commenced by Metropolitan Life Insurance Company regarding distribution of the proceeds of a basic life insurance policy governed by the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §§ 1001, *et seq*. Parties Cindy Caswell, Nicole Caswell, and K.W. were dismissed without prejudice for Plaintiff's failure to timely file a proof of service regarding the summons and complaint on each. In Plaintiff's Motion to Add as Defendants Cindy Caswell and K.W., a minor, and Appoint a Guardian ad Litem for K.W. (Dkt. 23), counsel for Plaintiff affirms that Cindy Caswell and K.W. have now been served and should be added back into the action and a *guardian ad litem* be appointed for K.W. The undersigned agrees that the relief requested is in the interests of all parties and recommends that the motion be granted and the matter referred to the undersigned for appointment of such guardian.

This court has subject-matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335, as diversity of citizenship exists between at least two claimants to the insurance proceeds and the amount in controversy exceeds the sum of $500.00. Interpleader under Rule 22 of the Federal

Rules of Civil Procedure is also appropriate, as independent federal-question jurisdiction exists under ERISA. Also, one of the named defendants, K.W., is a minor and therefore cannot defend or prosecute this action in his or her own name. The court is therefore required to appoint a guardian ad litem to protect the interests of the minor defendant. Fed.R.Civ.P. 17(c)(2).

This action was filed to resolve a dispute as to who should receive the life insurance benefits payable under the General Motors Life and Disability Benefits Program by reason of the death of Nis B. Rask ("Decedent"). The amount of the life insurance benefit is $13,725. On March 16, 2004, and on April 7, 2004, Decedent completed a beneficiary designation form under the Plan each designating his daughters Ms. Linda Mason and Ms. Cindy Caswell as the co-equal primary beneficiaries of the Plan Benefits. Previously, on July 30, 2001, Decedent completed a beneficiary designation form designating his wife, Florence Rask, as the sole primary beneficiary of the Plan Benefits. The Decedent's granddaughters, Nicole Caswell and K.W, a minor, were also named as co-equal contingent beneficiaries on this form. Florence Rask predeceased the Decedent.

On May 1, 2007, MetLife received a letter from Pamela Johnson, Decedent's daughter and the mother of Interpleader Defendant K.W., a minor, contending that the Decedent was incompetent at the time he completed the designations in favor of Linda Mason and Cindy Caswell. A copy of the March 24, 2007 letter is attached as Exhibit E to the Complaint. Decedent died on March 17, 2007. Cindy Caswell signed an assignment in favor of the Royal Funeral Home in the amount of $5,780.43.

Because of the actual or potential rival claims of Defendants, it was not possible for MetLife to determine the proper party entitled to receive the Plan Benefits. Once K.W. and Cindy Caswell have been added as parties and a guardian at litem is appointed for K.W., MetLife intends to deposit the life insurance benefits with the Court and be dismissed from this action.

-3-

Because both Cindy Caswell and K.W. have now been served, it is the recommendation of the undersigned that Plaintiff's <u>Motion to Add as Defendants Cindy Caswell and K.W., a minor, and Appoint a Guardian ad Litem for K.W.</u> (Dkt. 23) be granted and the matter referred to the undersigned for appointment of such guardian, and for further proceedings once the added defendants have answered.

Respectfully submitted,

Date:  January 20, 2009

  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).