UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,            Hon. Paul L. Maloney

v.                  Case No. 1:08-cv-00322

LINDA SUE MASON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

  This is an interpleader action commenced by Metropolitan Life Insurance Company regarding distribution of the proceeds of a basic life insurance policy governed by the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §§ 1001, *et seq*. This court has subject-matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335, as diversity of citizenship exists between at least two claimants to the insurance proceeds and the amount in controversy exceeds the sum of $500.00. Interpleader under Rule 22 of the Federal Rules of Civil Procedure is also appropriate, as independent federal-question jurisdiction exists under ERISA. Also, one of the named defendants, K.W., is a minor and therefore cannot defend or prosecute this action in his or her own name. The court was therefore required to appoint a guardian ad litem to protect the interests of the minor defendant under Fed.R.Civ.P. 17(c)(2), and attorney Ann L. Nowak was appointed as K.W.'s guardian ad litem.

  This action was filed to resolve a dispute as to who should receive the life insurance benefits payable under the General Motors Life and Disability Benefits Program by reason of the death of Nis B. Rask ("Decedent"). The amount of the life insurance benefit is $13,725.00. On March 16, 2004, and on April 7, 2004, Decedent completed a beneficiary designation form under the Plan each designating

his daughters Ms. Linda Mason and Ms. Cindy Caswell as the co-equal primary beneficiaries of the Plan Benefits. Previously, on July 30, 2001, Decedent completed a beneficiary designation form designating his wife, Florence Rask, as the sole primary beneficiary of the Plan Benefits. The Decedent's granddaughters, Nicole Caswell (now Nicole Douglas) and K.W, a minor, were also named as co-equal contingent beneficiaries on this form. Florence Rask predeceased the Decedent.

On May 1, 2007, MetLife received a letter from Pamela Johnson, Decedent's daughter, contending that the Decedent was incompetent at the time he completed the designations in favor of Linda Mason and Cindy Caswell. A copy of the March 24, 2007 letter is attached as Exhibit E to the Complaint. Decedent died on March 17, 2007. Cindy Caswell signed an assignment in favor of the Royal Funeral Home in the amount of $5,780.43.

Because of the actual or potential rival claims of Defendants, it was not possible for MetLife to determine the proper party entitled to receive the Plan Benefits. MetLife deposited the life insurance benefits with the Court and was dismissed from this action. An order to show cause was issued on August 5, 2009 (Dkt. 33) to interested parties regarding the proposed distribution of the proceeds because it was clear to the undersigned that to pursue litigating this matter would soon exhaust the funds available, given that attorney Ann L. Nowak had been appointed to protect the interests of a minor alleged beneficiary to the insurance policy pursuant to Fed. R. Civ. P. 17(c)(2), and would leave the funeral expenses of the decedent likely unpaid. Also, the issue of Decedent's competency at the time of the 2004 change of beneficiaries would likely require paid expert testimony. All of the interested parties responded, with Nicole Douglas and Linda Sue Mason registering objections to the proposed distribution. Thus, the Court entered an order regarding settlement conference (Dkt. 42), notifying that any party who failed to appear, either by way of attorney or in person, may have any interest they have to the life insurance policy in question extinguished. All of the parties were present or represented at

the settlement conference except for Linda Sue Mason. A settlement conference was held on the record, and the parties present[1] agreed to the proposed distribution of the $13,725.00 insurance policy proceeds as follows.

1. Royal Funeral Home Inc. shall be paid $6,554.85, which constitutes the total funeral bill plus interest for the period during which it has remained unpaid.

2. Attorney Ann L. Nowak shall be compensated from the policy proceeds for her services on behalf of the minor, K.W., in the amount of $400.00. Attorney Nowak will also, no later than February 21, 2010, submit a proposal for how the share of proceeds going to K.W., a minor, will be protected until K.W. reaches the age of majority.

3. The remainder of the funds shall be divided equally[2] among Linda Sue Mason, Nicole Douglas, Cindy Caswell, and K.W., a minor. K.W.'s portion of the proceeds will be distributed to her when she reaches the age of majority.

I therefore recommend that this matter be resolved by the Court in the manner agreed upon by the parties present at the mandatory settlement conference.

Respectfully submitted,

Date: February 11, 2010  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

---

[1] As noted, Linda Sue Mason was not represented at the conference.

[2] The Court is not now recommending a specific amount because the benefit is deposited in an interest bearing account with the Court. Thus it is unclear the precise amount that will be available to be divided four ways at the time of termination of the case. The parties present agreed in principle to the four-way division.

objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).