UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

METROPOLITAN LIFE INSURANCE COMPANY,          Case No. 1:08-cv-322

          Plaintiff,                          Chief Judge Paul L. Maloney

          v.                                  Magistrate Judge Ellen S. Carmody

LINDA SUE MASON,
ROYAL FUNERAL HOME,
CINDY CASWELL, and
GUARDIAN AD LITEM for K.W., a Minor,

          Defendants.

_____

## OPINION and ORDER
### Approving Settlement and Directing Distribution of Proceeds;
### Directing the Guardian *Ad Litem* to Provide Information with Regard to Minor's Share

On Thursday, February 11, 2010, the U.S. Magistrate Judge issued a Report and

Recommendation ("R&R") [doc. # 45] recommending that this court approve the settlement reached

by the parties regarding the distribution of the proceeds of the decedent's life-insurance policy.  The

sum at issue equals at least $17,001.51 – the amount which the former plaintiff Met Life deposited

into this court's interest-bearing account on June 16, 2009 (*see* non-document docket entry

preceding Document 29, noting receipt number GR015054)– plus the interest that has accrued

thereon.  The parties agreed to ask the court to distribute the proceeds as follows:

> $6,554.85 to Royal Funeral Home, which constitutes the decedent's funeral bill plus
> interest through an unspecified date;
>
> $400.00 to attorney Ann L. Nowak, for her services representing the interests of a
> minor interested party known as K.W.

> The remaining balance in equal one-quarter shares to Linda Sue Mason, Cindy Caswell, Nicole Douglas, and the minor K.W., with K.W.'s share being distributed to her only when she reaches the age of majority.

R&R (Doc 42) at 1-2. The parties agreed that by February 22, 2010, K.W.'s guardian *ad litem*, Ann L. Nowak, would file a recommendation with the court as to the best means of protecting K.W.'s interests with regard to her share of the proposed settlement. During the time which this court's Local Civil Rules and the Federal Rules of Civil Procedure allow for objections to an R&R – fourteen calendar days, including weekends and holidays – the court received no objections from Linda Sue Mason, Cindy Caswell, Nicole Douglas, or any other potentially-interested adult party. On February 18, 2010, K.W.'s guardian *ad litem*, Nowak, timely filed a notice stating as follows, in its entirety:

> Following the Settlement Conference held on February 18, 2010, I was able to obtain the current address of K.W., whose interests I represent as the minor beneficiary of part of the life insurance money that was the subject of this litigation. I spoke by telephone with K.W.'s mother, with whom K.W. resides. Her mother was initially quite uncooperative, but later stated that she "wanted to get this over with," and agreed to provide me with the social security number and a copy of the birth certificate of K.W.

> I have mailed IRS Form W-9 to her mother with a stamped, return envelope, and am waiting for its return to me. Her mother stated that K.W. is currently 13 years old, so the issue facing the court is how to assure that her share of the settlement is used for her benefit.

> Given the extreme animosity among the family members who are participants in this litigation, including numerous accusations of fraud, misappropriation and misuse of funds, various forms of theft, and the failure to pay the decedent's funeral expenses, I do not find it appropriate to simply deliver K.W.'s funds to her mother, who is part of this extended family, or to any other family member. K.W.'s mother is not married to the child's father, and the minor and her mother do not reside in the same state as the minor's father. Although I have not attempted to contact K.W.'s father, I think that to involve him at this point would only serve to delay and complicate this matter further.

> After consulting with the Court's financial manager, I recommend that the Court

> retain custody of the funds for K.W.'s benefit until she reaches age 18, and invest those funds in United States Savings Bonds of a type which will pay the greatest rate of interest currently available, as soon as practicable. When K.W. reaches age 18, the bonds should be released directly to her. I will provide the court's financial manager with the additional information necessary to implement this as it becomes available to me.

Guardian Ad Litem's Feb. 18, 2010 Filing (Doc 43) at 1-2 (second paragraph break added).

Having received no objections to the R&R and no response by any person to the guardian *ad litem*'s sensible suggestion, the court adopts the guardian *ad litem*'s proposed course of action.

**ORDER**

No later than Friday, April 9, 2010, this court's financial manager **SHALL** distribute the contents of the funds being held in this court's interest-bearing account in this matter in the following manner and sequence:

- first, $6,554.85 (six thousand five hundred fifty-four dollars and eighty-five cents) paid outright to Royal Funeral Home

- second, $400.00 (four hundred dollars and zero cents) paid outright to attorney Ann L. Nowak, Esq., of Grand Rapids, Michigan

- third, a one-quarter share of the remaining balance of the life-insurance proceeds and accrued interest paid outright to each of the following three persons: Linda Sue Mason, Cindy Caswell, and Nicole Douglas

- fourth, a one-quarter share of the remaining balance of the life-insurance proceeds and accrued interest **SHALL** be deposited into guardian ad litem Ann L. Nowak, Esq.'s IOLTA account.[1]

No later than Friday, May 14, 2010, **K.W.'s guardian *ad litem* SHALL** (1) use the funds

---

[1]*See generally* Michigan State Bar Foundation, "Attorney IOLTA Guidelines Brochure," MICH. R. PROF. CONDUCT 1.15 (as amended Oct. 18, 2005), available at http://www.msbf.org or http://www.docstoc.com/docs/4123514/Michigan-State-Bar-Foundation-ATTORNEY-IOLTA-GUIDELINES-BROCHURE-Michigan.

deposited into an IOLTA account pursuant to this order – net of any reasonable, nominal fees incurred to open or maintain the account – to purchase suitable United States federal-government Savings Bonds in trust for the minor K.W. which offer the highest currently available interest rate of such bonds, and (2) file a notice with this court confirming that she has done so.

Said bonds **SHALL** remain in attorney Nowak's possession until K.W. reaches the age of eighteen years, at which time they **SHALL** be given to K.W. outright to dispose of as K.W. sees fit.

This is a final order. However, parties who failed to file timely objections to the R&R may not be permitted to appeal. *See Holwerda v. Warner Law Firm*, 2010 WL 707361, *5 (W.D. Mich. Feb. 22, 2010) (Maloney, C.J.) ("'[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.'") (citing *Harris v. Detroit Pub. Schs.*, 235 F. App'x 437, 442 n.6 (6th Cir. 2007) (citation omitted)).[2]

**IT IS SO ORDERED** on this  30th  day of March 2010.

/s/ Paul L. Maloney
Honorable  Paul L. Maloney
Chief United States District Judge

---

[2]

*Accord Salaam El v. City of Dearborn*, 2010 WL 582773, *1 (E.D. Mich. Feb. 18, 2010) (Lawson, J.) ("The plaintiff's failure to file objections to the report and recommendation waives any further right to appeal.") (citing *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)); *US v. Finfrock*, 2010 WL 727223, *14 (W.D. Mich. Feb. 25, 2010) (Edgar, J.) (citing *Walters*, 638 F.2d 947).